```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

OMEGA HOSPITAL, LLC                              CIVIL ACTION

VERSUS                                           NO: 08-3717

AETNA LIFE INSURANCE COMPANY                     SECTION: R(3)
```

## ORDER AND REASONS

Before the Court is plaintiff Omega Hospital, LLC's Motion to Remand this action to state court for lack of subject matter jurisdiction. For the following reasons, plaintiff's motion is GRANTED.

### I.  BACKGROUND

Plaintiff Omega Hospital provided medical services to Gloria R., who was insured by defendant Aetna Life Insurance Company at the time. Gloria R. was covered under a self-funded, Managed Choice EPS provided by Entergy Corporation. The plan was an employer-sponsored health benefit plan governed by the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461.  Omega alleges that, before providing medical services to the patient, it contacted Aetna to verify not only that the patient had health insurance, but also that the specific care to be rendered would be covered by the insurance plan in question. (Complaint, ¶IV).  Plaintiff claims that defendant assured plaintiff that the procedure was covered under the insurance plan.  Plaintiff alleges that it submitted the claim to defendant, but that the claim was never paid. (*Id.* ¶V).

On May 20, 2008, Omega sued Aetna in the 1st Parish Court for the Parish of Jefferson, Louisiana. (R. Doc. 1).  Omega seeks damages as a result of its detrimental reliance on Aetna's representations and Aetna's alleged breach of its oral contract. (Complaint, ¶¶VI-VII).  Omega also seeks attorneys' fees under Louisiana Revised Statute 9:2781. (*Id.* ¶VIII).

On June 13, 2008, Aetna removed the lawsuit to this Court and alleged that the Court has original jurisdiction under 28 U.S.C. § 1331 because the controversy arises under ERISA.  On July 2, 2008, Omega filed the instant motion to remand. (R. Doc. 7).  Omega contends that the case does not arise under ERISA since the lawsuit is based exclusively on state law, the lawsuit does not "relate to ERISA," and Omega does not assert its rights as assignee of the patient.  Further, Omega asserts that the

2

Court does not have diversity jurisdiction since it has stipulated that the amount in controversy is less than $75,000.

## II.   LEGAL STANDARD

### A.   Motion to Remand

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B.   Federal Question Jurisdiction and ERISA Preemption

Federal district courts have jurisdiction over cases

"arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). *See also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The well-pleaded complaint rule means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).  A defendant who seeks removal bears the burden of demonstrating that a federal question exists. *See In re Hot-Hed*, 477 F.3d 320, 323 (5th Cir. 2007).  Because a defendant may remove a case to federal court only if the plaintiff could have brought the action in federal court from the outset, "the question of removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow*, 478 U.S. at 808 (citation omitted).  "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 10 (emphasis in original).  The mere presence of "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow*, 478 U.S. at 808 (citing *Mottley*, 211 U.S. 149); *Franchise Tax Bd.*, 463

U.S. at 12, 13-14.  Therefore, federal question jurisdiction does not exist unless the "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow*, 478 U.S. at 809.

Here, plaintiff asserts only state law claims against defendant. On the face of Omega's complaint, a federal question does not exist. But there is an exception to the well-pleaded complaint rule: "'[W]hen a federal statute wholly displaces the state-law cause of action through complete preemption,'" the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).  Removal of such a claim is appropriate because "'[w]hen the federal statute completely [preempts] the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Id.* (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8.). *See also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-65 (1987) ("Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.") ERISA is one of these statutes. *Davila*, 542 U.S. at 207.

ERISA may preempt state law claims in one of two ways. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.

1999) (citing *McClelland v. Gronwaldt*, 155 F.3d 507 (5th Cir. 1998), *overruled in part on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 n.11 (5th Cir. 2003)); *Cotner v. Hartford Life and Annuity Ins. Co.*, Civ. A. No. 3:07-CV-0487-G, 2008 WL 59174, at *3 (N.D. Tex. Jan. 4, 2008).  First, it may "occupy a particular field, resulting in complete preemption under [ERISA] § 502(a), 29 U.S.C. § 1132(a)." *Giles*, 172 F.3d at 336 (citing *Met. Life Ins.*, 481 U.S. 58; *McClelland*, 155 F.3d at 516-17). *See also Arana*, 338 F.3d at 437.  Even if a complaint does not refer to federal law, a federal statute that completely preempts a field effectively "'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of making removal available to the defendant." *McClelland*, 155 F.3d at 516. *See also Giles*, 172 F.3d at 337 n.7.  "[C]omplete preemption exists when a remedy falls within the scope of or is in direct conflict with ERISA § 502(a), and therefore is within the jurisdiction of federal court." *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004).  ERISA § 502(a) provides several causes of action that may be brought by an ERISA plan beneficiary, participant, the Secretary of Labor, or plan administrator or fiduciary.  ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan,

6

to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  Any state cause of action that seeks the same relief as a cause of action authorized by ERISA § 502(a), "regardless of how artfully pleaded as a state action," is completely preempted. *Giles*, 172 F.3d at 337.  Thus, if a plan beneficiary or participant seeks to recover benefits from an ERISA plan under a state law cause of action, those claims are completely preempted and subject to removal.  But only when ERISA § 502(a) *completely preempts* a state law claim does it raise a federal question providing a basis for removal jurisdiction. *Giles*, 172 F.3d at 336. *See also Anderson v. Electronic Data Systems Corp.*, 11 F.3d 1311, 1315 (5th Cir. 1994) Other circuits are in accord. *See, e.g., Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4-5 (1st Cir. 1999); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 272 (2d Cir. 1994); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995); *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995); *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1487 (7th Cir. 1996); *Cotton v. Massachusetts Mutual Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005).

       The second form of ERISA preemption is known as "ordinary" or "conflict" preemption. It exists when ERISA provides an

affirmative defense to state law claims and involves ERISA § 514(a), 29 U.S.C. § 1144(a). *Giles*, 172 F.3d at 337. Section 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." The Fifth Circuit in *Giles* made clear, however, that the existence of conflict preemption under § 514 of ERISA does not, by itself, create an exception to the well-pleaded complaint rule. "'State law claims [that] fall outside the scope of ERISA's civil enforcement provision § 502, even if preempted by § 514(a), are still governed by the well-pleaded complaint rule and, therefore, are not removable under the complete-preemption principles established in *Metropolitan Life*.'" *Id.* (quoting *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 355 (3d Cir. 1995)). *See also Franchise Tax Board*, 463 U.S. at 23-27 (explaining that even though ERISA § 514(a) may preclude enforcement of a state law claim, removal of a claim that falls outside the scope of ERISA § 502(a) is inappropriate). The mere presence of conflict preemption does not raise a federal question. Instead of "transmogrifying a state cause of action into a federal one — as occurs with complete preemption — conflict preemption serves as a *defense* to a state action." *Giles*, 172 F.3d at 337. (citing *Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 407-08 (5th Cir. 1991); *Rice v. Pachal*,

65 F.3d 637, 639-40 (7th Cir. 1995)).

In order for a district court to exercise removal jurisdiction, complete preemption must exist. "When the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption." *Id.* In the absence of complete preemption, the district court "lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." *Id.* (citing *Dukes*, 57 F.3d at 355).

State law causes of action are completely preempted by ERISA § 502(a)(1)(B) when *both*: (1) an individual, at some point in time, could have brought the claim under ERISA, and (2) there is no legal duty independent of ERISA or the plan terms that is implicated by the defendant's actions. *Davila*, 542 U.S. at 209-210. Conversely, "lawsuits against ERISA plans for run-of-the-mill state law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan," are not preempted. *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 833 (1988).

**III. DISCUSSION**

    **A.  ERISA § 502(a)(1)(B)**

In determining whether Omega's state law claim is completely

preempted, the Court must first determine whether Omega could have brought its claim under ERISA § 502(a)(1)(B). ERISA participants and beneficiaries of employee benefits plans can bring claims under § 502(a)(1)(B). Claims brought by such persons for improper claims processing preempt state law causes of action. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Still, ERISA does not preempt "[a] state law claim . . . [that] does not affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan, and the beneficiaries)." *Perkins v. Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990). Omega is not a participant or beneficiary of an ERISA plan, and thus does not have independent standing to seek recovery under ERISA. *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 249 (5th Cir. 1990) (citing *Hermann Hosp. v. MEBA Med & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir. 1988)). When a participant or beneficiary assigns his right to receive benefits under an ERISA plan to a third-party, however, that third-party may bring a derivative action to enforce an ERISA plan beneficiary's claim. *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005); *Hermann*, 845 F.2d at 1289-90. In this case, Gloria R. assigned any and all benefits due under the Entergy plan to Omega (*See* R. Doc. 8-5). Thus since Omega *could*

have brought a claim under § 502(a)(1)(B), this prong of *Davila* has been met.

**B.   Independent Legal Duty**

To establish complete preemption the Court must also find that no independent legal duty is implicated by defendant's actions. *See Davila*, 542 U.S. at 210. A claim implicates an independent legal duty when the individual may bring the state law claim regardless of the terms of an ERISA plan. *See id.* at 213.

Here, Omega's claim implicates an independent legal duty unrelated to ERISA. Omega's claim focuses on Aetna's oral representation that the patient's medical treatment would be covered under the ERISA plan; the claim does not involve any actual duties under the plan. The Fifth Circuit has held that "ERISA does not preempt state law when the state law claim is brought by an independent, third-party health care provider against an insurer for its negligent misrepresentation regarding the existence of health care coverage." *Transitional Hospitals Corp. v. Blue Cross and Blue Shield of Texas*, 164 F.3d 952, 954 (5th Cir. 1999). Here, the dispute is not over the right to payment under the assignor's ERISA plan. Regardless of whether the ERISA plan would have covered the procedures, Omega claims that Aetna entered into an oral contract with Omega in which

11

Aetna represented that the specific care would be covered by the plan. (Complaint, ¶¶IV-VII).  Therefore, interpretation of the terms of the benefit plan does not form an "essential part of [the] state law claim." *Quality Infusion Care Inc. v. Humana Health Plan of Texas Inc.*, 2008 WL 3471861 at *7 (5th Cir. 2008) (quoting *Davila*, 542 U.S. at 213).  Even if the benefits are not available under the plan, there is a state law question as to the hospital's negligent misrepresentation. *Cf. Quality Infusion,* 2008 WL 3471861 at *7 (finding complete preemption because whether there was a state law claim turned on whether benefits were available under the patient's ERISA plan).  Thus, since the state law claim does not turn on the interpretation of the ERISA plan, plaintiff's claim implicates an independent legal duty and is not preempted by ERISA.

**C.   Diversity Jurisdiction**

The Court notes that even if no federal question jurisdiction exists, the parties are diverse.  But defendant has not shown that the amount in controversy is sufficient to support diversity jurisdiction.  Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335.  When the plaintiff

alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*. Here, plaintiff has stipulated that the amount in controversy is less than $75,000 and that it will accept no more than that amount. Additionally, plaintiff did not allege facts from which it could be reasonably inferred that the amount in controversy exceeds $75,000, as Omega claims that the combined amount Aetna owes it is $26,779. Plaintiff's stipulation that the amount in controversy does not exceed $75,000 and its waiver of entitlement to any award in excess of $75,000 constitute "judicial confessions" that are binding on the plaintiff. *See Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, No. Civ. A. 04-2971, 2004 WL 2984329, at *4 (E.D. La. Dec. 23, 2004). Accordingly, the Court finds that the jurisdictional amount is lacking in this case.

**IV.  CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's

motion and REMANDS the above-captioned matter to the 1st Parish Court for the Parish of Jefferson.

New Orleans, Louisiana, this 22nd day of October, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE